**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| BLOCKWARE SOLUTIONS LLC,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | Court No. 1:23-cv-00145 |

**COMPLAINT**

Plaintiff Blockware Solutions LLC ("Plaintiff" or "Blockware"), by and through its undersigned counsel, for its Complaint against Defendant the United States of America ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this civil action pursuant to 28 U.S.C. § 1581(a) to contest the denial by U.S. Customs and Border Protection ("CBP" or "Customs") of Plaintiff's administrative protest challenging Customs' determination of the country of origin of certain imported Bitmain Antminer cryptocurrency mining devices (the "Subject Merchandise") and the resulting imposition of additional duties under Section 301 of the Trade Act of 1974, as amended, 19 U.S.C. § 2411 *et seq*.

2. CBP determined that the Subject Merchandise was a product of China and assessed a 25% *ad valorem* duty under HTSUS subheading 9903.88.02, notwithstanding mutually corroborating documentary and physical evidence supporting the conclusion that the Subject Merchandise was manufactured in, and is a product of, Thailand, including, without limitation, a certificate of origin issued by the Royal Thai Government and Thai manufacturer identification affixed to the Subject Merchandise itself.

3. CBP denied Blockware's protest and upheld its determination that the Subject Merchandise was a product of China. Plaintiff seeks a determination that the Subject Merchandise is a product of Thailand, reliquidation of the subject entry on that basis, and a refund of the resulting excess duties, fees, and charges, together with interest as provided by law.

**JURISDICTION AND STANDING**

4. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(a), as this action contests the denial of Plaintiff's administrative protest by CBP.

5. Plaintiff is entitled to commence this action in this Court pursuant to 28 U.S.C. § 2631(a) because Plaintiff filed the protest that is the subject of this action.

6. Plaintiff has standing to bring this action as the importer of record and the party that paid all liquidated duties, fees, and interest on the affected entry, and as the party that timely filed the underlying administrative protest.

7. All liquidated duties, charges, and exactions arising from the entry at issue have been paid in full, satisfying the jurisdictional prerequisite of 28 U.S.C. § 2637(a).

a refund of the resulting Section 301 duties, fees, and interest."

8. Plaintiff timely commenced this action by filing a summons within 180 days after the date of mailing of the notice of denial of the subject protest, as required by 28 U.S.C. § 2636(a)(1).

9. Pursuant to 28 U.S.C. § 2640(a)(1), the Court shall determine this action upon the basis of the record made before the Court.

## PARTIES

10. Plaintiff, the importer of record of the Subject Merchandise, is a limited liability company with its principal place of business in the United States, engaged in the importation and resale of cryptocurrency mining equipment, including the Subject Merchandise.

11. Defendant is the United States, acting through U.S. Customs and Border Protection, an agency within the U.S. Department of Homeland Security.

## FACTUAL BACKGROUND

### A. The Importation and CBP's Origin Determination

12. The Subject Merchandise consists of 339 units of Bitmain Antminer S19J Pro cryptocurrency mining devices (models 96T, 100T, and 104T).

13. The Subject Merchandise was imported by Blockware into the United States on or about March 5, 2022, under entry No. 79980806714 and was initially classified as duty-free under HTSUS subheading 8471.50.0150.

14. On August 17, 2022, CBP issued a Notice of Action reclassifying the Subject Merchandise under HTSUS subheading 8543.70.9860, subject to a 2.6% *ad valorem* duty, and further determined that the country of origin of the Subject Merchandise was China, thereby imposing an additional 25% Section 301 duty under HTSUS subheading 9903.88.02.

15. As a direct result of CBP's country-of-origin determination, CBP assessed additional Section 301 duties, fees, and interest, all of which were paid in full by or on behalf of Blockware.

### B. The Administrative Protest

16. Blockware timely filed an administrative protest challenging CBP's determination that the country of origin was China.

17. In support of its protest, Blockware submitted evidence, including photographs and physical evidence, indicating that the Subject Merchandise was manufactured in Thailand.

18. Due to inadvertent administrative error, Blockware's protest submission did not include a certificate of origin that had been issued by the Royal Thai Ministry of Commerce, Department of Foreign Trade, Chonburi Province (the "Certificate of Origin") in connection with the underlying shipment.

19. CBP denied Blockware's protest, upholding its determination that the country of origin was China, citing in part the absence of a certificate of origin from the protest record.

**C. The Subject Merchandise Is a Product of Thailand**

20. The Certificate of Origin identifies Chicony Power Technology (Thailand) Co., Ltd., 227/2 Moo 3, Thung Sukhla, Si Racha, Chon Buri 20230, Thailand, as the exporter of the Subject Merchandise, and certifies that the Subject Merchandise originates in Thailand.

21. The Subject Merchandise also bears a permanent, legible, and conspicuous product label affixed to the exterior housing of each unit identifying its country of origin as Thailand and identifying the manufacturing factory located in Thailand.

22. Upon information and belief, the Subject Merchandise was manufactured in Thailand.

23. Upon information and belief, to the extent components of the Subject Merchandise originated outside Thailand, the manufacturing and assembly operations performed in Thailand substantially transformed those components into new and different articles of commerce having a name, character, and use distinct from those of the individual components.

24. Accordingly, the country of origin of the Subject Merchandise, both for marking purposes under 19 U.S.C. § 1304(a) and for purposes of the additional Section 301 duties imposed under HTSUS subheading 9903.88.02, is Thailand and not China.

25. Because the Subject Merchandise is a product of Thailand, it is not subject to the additional 25% *ad valorem* duty assessed under HTSUS subheading 9903.88.02, which applies exclusively to products of China.

**COUNT I**
**(Erroneous Country-of-Origin Determination)**

26. Plaintiff incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27. CBP's determination that the Subject Merchandise is a product of China is incorrect as a matter of fact and law, contrary to the evidence of Thailand origin, and inconsistent with well-established principles governing country-of-origin determinations.

28. The Subject Merchandise is properly treated as a product of Thailand for all customs purposes, including country-of-origin marking under 19 U.S.C. § 1304(a) and the application of the additional Section 301 duties imposed under HTSUS subheading 9903.88.02.

29. Plaintiff is entitled to judgment holding that the country of origin of the Subject Merchandise is Thailand and that CBP's contrary determination is incorrect.

**COUNT II**
**(Unlawful Assessment of Section 301 Duties)**

30. Plaintiff incorporates by reference paragraphs 1 through 29 as if fully set forth herein.

31. The additional *ad valorem* duty imposed under HTSUS subheading 9903.88.02, pursuant to Section 301 of the Trade Act of 1974, applies exclusively to products of China.

32. Because the Subject Merchandise is a product of Thailand, and not China, CBP lacked lawful authority to impose Section 301 duties on the Subject Merchandise.

33. Plaintiff is entitled to a refund of all Section 301 duties assessed and paid in connection with the subject entry, together with interest as provided by law.

**COUNT III**
**(Erroneous Denial of Protest)**

34. Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. CBP incorrectly denied Blockware's protest insofar as the protest challenged CBP's determination that the Subject Merchandise was a product of China and the resulting assessment of additional Section 301 duties.

36. As alleged above, the Subject Merchandise is a product of Thailand.

37. Accordingly, Blockware's protest should be sustained as to the country-of-origin determination and the resulting assessment of additional Section 301 duties, and the subject entry should be reliquidated consistent with a determination that the Subject Merchandise is a product of Thailand.

**PRAYER FOR RELIEF**

WHEREFORE, Blockware respectfully requests that the Court enter judgment:

(1) Declaring that the Subject Merchandise is a product of Thailand for all customs purposes;

(2) Holding that CBP's determination that the country of origin of the Subject Merchandise is China was incorrect as a matter of fact and law;

(3) Holding that the assessment of Section 301 duties under HTSUS subheading 9903.88.02 was unlawful as applied to the Subject Merchandise;

(4) Sustaining Blockware's protest as to the country-of-origin determination and the resulting assessment of additional Section 301 duties;

(5) Ordering Customs to reliquidate the subject entry consistent with a determination that the Subject Merchandise is a product of Thailand;

(6) Ordering Customs to refund to Plaintiff all Section 301 duties, and any associated fees and interest, paid in connection with the subject entry, together with interest accruing thereon, as provided by law;

(7) Awarding Plaintiff its costs and, to the extent permitted by law, reasonable attorney fees under the Equal Access to Justice Act and/or other applicable authorities; and

(8) Granting such other and further relief as the Court may deem just and proper.

Dated: August 28, 2026

Respectfully submitted,

*/s/ Alena A. Eckhardt*
Alena A. Eckhardt

NAKACHI ECKHARDT & JACOBSON, P.C.
50 California Street, Suite 1500
San Francisco, CA 94111
(415) 498-0070
alena@tradelawcounsel.com

*Counsel for Plaintiff Blockware Solutions LLC*